**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TADDY JACKMAN,

Defendant-Appellant.

No. 06-4067

(D.C. No. 05-CR-228-PGC)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

This is a direct criminal appeal challenging the validity of a *Miranda* warning.[1] Appellant Taddy Jackman pleaded guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), but expressly reserved his right to appeal the district court's denial of his motion to suppress statements made in violation of his *Miranda* rights. Appellant was sentenced to forty-four months' imprisonment with a thirty-six-month term of supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[1] After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

release.

Appellant was arrested by Salt Lake City police in relation to a gang-related shooting that injured three people. Appellant's interrogation and confession were videotaped. Just prior to reading Appellant his *Miranda* rights, the interviewing police officer stated: "So, before we get too far into it, though, a couple of formalities, um, since obviously, you're not free to leave after we read you your rights." *Miranda* was then read to Appellant, who verbally acknowledged his rights before confessing. Appellant filed a motion to suppress this confession on the grounds he did not knowingly and voluntarily waive his *Miranda* rights. The matter was referred to a magistrate judge, who recommended that the motion to suppress be denied, and the district court adopted the magistrate judge's report and recommendation without additional comment.

In reviewing the grant or denial of a motion to suppress, we accept the district court's factual findings unless clearly erroneous and consider the evidence in the light most favorable to the district court's determination. *United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006). We conduct de novo review on the ultimate issue of whether a statement was voluntary, "taking into account the totality of the circumstances surrounding the confession." *Id.* (quotation omitted). The government bears the burden of showing, by a preponderance of the evidence, that a confession is voluntary. *Missouri v. Seibert*, 542 U.S. 600, 608 n.1 (2004). "Waiver of one's Fifth Amendment privilege against

self-incrimination requires that the individual 'voluntarily, knowingly and intelligently' waive his constitutional privilege." *United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

Appellant argues that "[t]he officers 'down played' and misrepresented the purpose of his Miranda warning to give the impression that the rights were mere formalities, or rights that should not be taken seriously." (Appellant's Br. at 5-6.) According to Appellant, the officer's remark led him to believe that he was agreeing only to being placed in custody, not waiving his rights. Appellant also contends that his two-week long attempt to avoid the police, during which he abused cocaine and methamphetamine, left him sleep-deprived and unable to knowingly and voluntarily consent to waiving *Miranda*. Appellant relies heavily on *United States v. Miller*, No. 04-CR-491, 2005 WL 3478323, at *4 (D. Neb. Dec. 20, 2005) (unpublished), to support his argument. That case, however, centered on police questioning after the defendant's express request to speak with a lawyer. Because of that refusal, the court found that the police officer's comment about the nature of the *Miranda* warning,[2] coupled with comments that led the defendant to believe he was being questioned about an unrelated matter,

---

[2] In *Miller*, the officer stated: "[S]ince you're in jail I gotta read these to you, if we were out on the street I wouldn't because you wouldn't be under arrest, okay?" 2005 WL 3478323, at *2.

rendered the *Miranda* warning involuntary under the totality of those circumstances.

Those are not the circumstances of this case. Although the videotape first shows Appellant resting his head on the interview table and rubbing his eyes, when the questioning began he sat up and appeared alert and articulate. *See United States v. Curtis*, 344 F.3d 1057, 1066 (10th Cir. 2003) (concluding that defendant was lucid and aware of his rights in part due to the district court's review of the videotaped interview). The officer read the four portions of the *Miranda* warning, pausing after each one to await Appellant's response. Although Appellant was not expressly asked whether he waived these rights and was not asked to sign a waiver form, Appellant acknowledged each of his *Miranda* rights and, when asked if he had "any questions about it at all," he responded "No sir."

Appellant's confusion over the meaning of the *Miranda* warning is lessened because he had been taken into custody at a residence, transported to the police station, and questioned. Throughout this period he expressed his willingness to talk. He asked only to speak with his mother, not an attorney. Appellant recounted the history of animosity between certain gang members which led to his shooting the three individuals. Appellant's lengthy story required minimal prompting by the officer. Indeed, the officer asked relatively few questions. Appellant even asked for paper in order to better illustrate the interrelation of all

the various involved gang members.  Moreover, it is significant that Appellant has been arrested on numerous occasions and has been convicted of several felony charges in matters where he was represented by legal counsel.  *See Smith v. Mullin*, 379 F.3d 919, 933 (10th Cir. 2004) (stating that "[t]he concepts encompassed by *Miranda* were not foreign" to defendant where he was represented by counsel during a prior conviction); *see also United States v. Toles*, 297 F.3d 959, 966 (10th Cir. 2002) (finding prior felony conviction provided "experience with the criminal justice system").

After reviewing the parties' briefs, the magistrate judge's report and recommendation, and the record on appeal, including the videotape of the interrogation, we conclude that Appellant knowingly and voluntarily waived his *Miranda* rights.  Accordingly, we **AFFIRM** the district court's denial of Appellant's motion to suppress.

Entered for the Court

Monroe G. McKay
Circuit Judge